IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


Matthew Kirkpatrick

                                  Civil No. CV 02-1197-MO

        Plaintiff,                     COURT'S JURY INSTRUCTIONS

   v.

Equifax Credit Information Services, Inc.,

        Defendant,




DATED this  24th  day of January, 2005.



                    /s/ Michael W. Mosman
                    MICHAEL W. MOSMAN
                    United States District Judge

JURY INSTRUCTION NO. ____


Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

JURY INSTRUCTION NO. ___


The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness including deposition testimony;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

JURY INSTRUCTION NO. ____

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. ___

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. ___


In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness' memory;

(3)     the witness' manner while testifying;

(4)     the witness' interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness' testimony;

(6)     the reasonableness of the witness' testimony in light of all the evidence; and

(7)     any other factors that bear on believability.


The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

JURY INSTRUCTION NO. ___

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

JURY INSTRUCTION NO. ____

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

JURY INSTRUCTION NO. ___


       Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

JURY INSTRUCTION NO. ____

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

JURY INSTRUCTION NO. ____

Plaintiff must prove his claims by a preponderance of the evidence. "Preponderance of the Evidence" means the greater weight of evidence. It is such evidence that, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. If the evidence on that claim appears to be equally balanced, or if you cannot say upon which side it weighs more heavily, you must resolve that question against plaintiff upon whom the burden of proof rests.

JURY INSTRUCTION NO. ____


      This case arises under the Fair Credit Reporting Act.  One purpose of this act is to require that credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of the law.

      Plaintiff is a "consumer" entitled to the protection and benefits of the Fair Credit Reporting Act, and defendant is a "consumer reporting agency."

JURY INSTRUCTION NO. ___


Any claim under the Fair Credit Reporting Act must be brought within two years of the date of the violation.  Plaintiff filed his lawsuit on June 25, 2002.  Therefore, defendant is only liable for violations, if any, that occurred from June 25, 2000 to present and you may not award damages which arose prior to June 25, 2000.  This includes, but is not limited to, any claims arising from the February 2000 request for a copy of his credit file.

JURY INSTRUCTION NO. ___


Plaintiff contends that defendant violated one or more of the following eleven requirements of the Fair Credit Reporting Act:

1.      The Fair Credit Reporting Act requires that whenever a consumer reporting agencies like defendant prepares a consumer report it shall follow  reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

2.      The Fair Credit Reporting Act requires that if a consumer disputes the completeness or accuracy of any item of information contained in their file and notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file within 30 days from the date the agency receives notice of the dispute from the consumer.

3.      The Fair Credit Reporting Act requires a consumer reporting agency to review and consider all relevant information submitted by the consumer in conducting any reinvestigation of disputed information.

4.      The Fair Credit Reporting Act requires that within five business days of receiving a consumer's notice of dispute from a consumer, the agency shall provide notification of the dispute to any business which provided the disputed information.  The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.

5.      The Fair Credit Reporting Act requires that if after any reinvestigation information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete the information from the consumer's file or modify the information, as appropriate, based on the results of the reinvestigation.

6.      The Fair Credit Reporting Act requires that a consumer reporting agency provide written notice to the consumer of the results of a reinvestigation not later than five business days

after the completion of a reinvestigation.  As part of or in addition to that notice the consumer reporting agency shall provide to the consumer in writing a consumer report that is based upon the consumer's file as that file is revised as a result of the reinvestigation.

7.      The Fair Credit Reporting Act requires a consumer reporting agency to maintain reasonable procedures designed to prevent the reappearance in a consumer's file and in consumer reports on that consumer, of information that has been deleted pursuant to a reinvestigation.

8.      The Fair Credit Reporting Act requires that a consumer reporting agency provide notice to the consumer if any information that has been deleted pursuant to a reinvestigation is reinserted in the file.  Notice must be in writing no later than five business days after the reinsertion.  A notice must include the business name and address of any furnisher of information contacted and the telephone number of such furnisher, if reasonably available, or of any furnisher of information that contacted the consumer reporting agency, in connection with the insertion of such information.

9.      The Fair Credit Reporting Act requires that if any information is deleted from a consumer's file, the information may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate.

10.     The Fair Credit Reporting Act requires, upon request by a consumer and upon receipt of proper identification, that a consumer reporting agency shall disclose to the consumer all the information in the consumer's file at the time of the request.

11.     Under the Fair Credit Reporting Act, a consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1)     In accordance with the written instructions of the consumer to whom it relates.

(2)     To a business that it has reason to believe:

(A)  intends to use the information in connection with a credit transaction

involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider the applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information:

    (i) in connection with a business transaction that is initiated by the consumer; or

    (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

JURY INSTRUCTION NO. ___


      The Fair Credit Reporting Act does not contain a requirement that consumer reporting agencies retain documents for any specific period of time, including, but not limited to, CDVs and UDFs.

JURY INSTRUCTION NO. ____


I instruct you that the law does not require defendant to be error-free in performing its obligations under the Fair Credit Reporting Act.  The law recognizes that perfect accuracy in consumer credit reports is not a realistic objective.  Instead, in order to prevail on his claim for money damages, plaintiff must prove by a preponderance of the evidence:

1.     That defendant violated one or more of the eleven requirements of the Fair Credit Reporting Act listed above;

2.     That the violation or violations of the Act resulted from the negligence or willfulness of defendant; and

3.     That he suffered damages as a result of the negligence or willfulness of defendant.

JURY INSTRUCTION NO. ___

     Plaintiff contends that defendant <u>negligently</u> or <u>willfully</u> failed to comply with the Fair Credit Reporting Act.  I will define these terms for you.

     Negligence is failing to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under the circumstances that existed.

     An act is done willfully if it is done knowingly and intentionally or committed with a reckless disregard for the rights of others.

     Defendant denies that it negligently or willfully failed to comply with any requirements of the Fair Credit Reporting Act.

JURY INSTRUCTION NO. ____


If you find that plaintiff has proven that defendant negligently or willfully violated the Fair Credit Reporting Act, you must then determine the damages, if any, to which he is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. My instructions on damages do not reflect in any way whether I believe the plaintiff should or should not win this case. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance in the event you decide that plaintiff is entitled to recover.

If you find that defendant negligently or willfully violated the Fair Credit Reporting Act, and that as a result plaintiff suffered damages, then your duty is to determine the amount of money which reasonably and fairly compensates him for the actual damage that you decide was caused by defendant's failure to comply with the Act.

In order to recover damages, plaintiff must establish that defendant's negligent or willful violation of the Fair Credit Reporting Act was the "legal cause" of his injuries. The term "legal cause" requires that the conduct of defendant which plaintiff claims violated the Fair Credit Reporting Act must have been a substantial factor in causing the injury complained of by plaintiff, and that the injury must have been either a direct result or a natural and probable consequence of the conduct of defendant. A substantial factor is an important or material factor and not one that is insignificant. The elements of damages which you may consider are: denial of credit, loss of opportunity to obtain credit, damage to reputation, invasion of privacy, mental anguish, distress and anxiety.

Which, if any, of those elements of damages has been proven by plaintiff is for you to decide, based upon evidence and not upon speculation, guess or conjecture. The amount of money to be awarded for certain of these elements of damages cannot be proved in a precise dollar amount. The law leaves the determination of such amount to your sound judgment.

JURY INSTRUCTION NO. ___

I further charge that you may not award damages against Equifax for any harm to Plaintiff that was caused by others.

JURY INSTRUCTION NO. ____

Plaintiff is not seeking and you may not award any damages in this case for lost wages, medical treatment or expenses and/or out of pocket losses.

JURY INSTRUCTION NO. ____


       The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

       The defendant has the burden of proving by a preponderance of the evidence:

    1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

    2.      the amount by which damages would have been mitigated.

JURY INSTRUCTION NO. ____


If you find that defendant <u>willfully</u> failed to comply with a requirement of the Fair Credit Reporting Act, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the purpose of the Fair Credit Reporting Act, the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

JURY INSTRUCTION NO. ____


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict

JURY INSTRUCTION NO. ____


Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

JURY INSTRUCTION NO. ___


      If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. ____

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.